IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WARDRICK,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF MARYLAND, and<br>MARYLAND ATTORNEY GENERAL<br><br>  Respondent. | Civil Action No.:  SAG-22-2952 |

**MEMORANDUM OPINION**

Petitioner Robert Wardrick has filed a Petition For Writ of Habeas Corpus.  ECF No. 1 (the "Petition").  Respondents are the State of Maryland and the Maryland Attorney General, who filed a Limited Answer to the Petition asserting that the claims are procedurally defaulted. ECF No. 10. No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, I shall deny the Petition.  A certificate of appealability shall not issue.

**Background**

Wardrick was indicted on three counts on July 15, 2019, in Baltimore City, Maryland. ECF No. 1-1 at 6-7, 27-29.  He was charged with second-degree rape, third-degree sexual offense, and violating Md. Code Ann. Cts. & Jud., Pro. § 3-838, which prohibits willfully contributing to, encouraging, causing or tending to cause any act, omission or condition that rendered a child in need of assistance.  The indictment alleged that the offenses were committed on or about April 1, 2019, to June 17, 2019. *Id*. at 27-29.

Wardrick pleaded guilty to second-degree rape on January 22, 2020. ECF No. 11-1 at 6, 59. He was sentenced the same day to 20 years' incarceration, with all but 8 years suspended, and five years of supervised probation. *Id*.

The Circuit Court for Baltimore City, in denying Wardrick's post-conviction petition, described the facts of the case as follows:

> On June 18, 2019 [A.H.] and her thirteen-year-old (13) daughter, [A.G.], reported a rape case to the Child Abuse Unit with the Baltimore City Police Department. The Statement of Probable Cause stated that Petitioner met [A.G.] as she was walking to a local store in April of 2019. Petitioner accompanied [A.G.] to the store and then gave her a ride home. Petitioner and [A.G.] exchanged phone numbers and Petitioner later invited her to his residence. In a June 2019 interview at the Baltimore Child Abuse Center, [A.G.] indicated that she had intercourse with Petitioner approximately ten times as this home. Petitioner agreed to participate in this recorded interview with The Baltimore Child Abuse Center (2300 N. Charles Street, Baltimore, Maryland) without counsel present. In the interview, Petitioner stated that he was forty-four (44) years old and was aware that [A.G.] was thirteen (13) years old. He corroborated [A.G.]'s statements, affirming that he had both protected and unprotected sexual intercourse with her several times. Petitioner was placed under arrest and charged with Second Degree Rape of [A.G.].

ECF No. 11-1 at 60-61 (citations omitted).

After his sentencing, Wardrick filed a timely motion for reconsideration of sentence. ECF No. 11-1 at 30-31. The court issued an order on February 27, 2020, holding the motion sub curia. *Id*. at 32. Wardrick filed a second similar motion on April 13, 2020, which does not appear to have been resolved by the court. *Id*. at 11-12, 36.

On May 29, 2020, Wardrick filed an application for leave to appeal his guilty plea. ECF No. 11-1 at 38-44. The application was signed and dated May 20, 2020. *Id*. at 39. In that application, Wardrick argued that a police officer submitted a false affidavit in support of the statement of probable cause and he was "deprived of Brady material by his counsel of record." *Id*. at 38-42. On September 3, 2020, the Appellate Court of Maryland (formerly known as the Court of Special Appeals of Maryland) dismissed the application for leave to appeal as untimely. *Id*. at

44-45. The court issued its mandate on October 7, 2020. *Id*. at 46. Although the application was already dismissed, on March 26, 2021, the Appellate Court of Maryland issued a show cause order to Wardrick directing he show cause, in writing, why his May 29, 2020, application for leave to appeal should not be stricken as untimely. *Id*. at 58. Wardrick did not timely respond to that order. *Id*. at 16-17.

On February 24, 2020, Wardrick filed a self-represented petition for post-conviction relief. ECF No. 11-1 at 33-35. In that petition, he argued that his trial counsel was ineffective for failing to submit his employment record to the court. *Id*. at 35. On March 15, 2021, Wardrick, through counsel, filed a memorandum clarifying and supplementing his post-conviction claims. *Id*. at 47-55. In the amended petition, counsel clarified that Wardrick asserted five claims of ineffective assistance of trial counsel and post-conviction counsel "expected that, at the post-conviction hearing, Petitioner would move to withdraw [his pro se] claims." *Id*. at 48-49.

A hearing was held on June 11, 2021. ECF No. 11-1 at 17. The circuit court denied the petition in an order entered on April 11, 2022. *Id*. at 59-72.

Thereafter, Wardrick sent a letter to the post-conviction court. ECF No. 11-1 at 73. On April 27, 2022, the court issued an order stating it would take no further action regarding the issues the court previously addressed, and as to any issues that were not litigated during the post-conviction proceedings, the court deemed those issues "waived and [would] not be considered." *Id*. at 74.

Next, Wardrick filed a pro se application for leave to appeal the denial of post-conviction relief with the Appellate Court of Maryland. ECF No. 11-1 at 75-77. A waiver of prepaid costs form was sent to Wardrick on May 5, 2022. *Id.* at 18. On June 13, 2022, the state circuit court issued a show cause order directing Wardrick to show cause, in writing and within 30 days, why

his application for leave to appeal should not be stricken for failure to pay the filing fee as required. *Id*. at 85. Wardrick did not timely respond to the court's order. *Id*. at 19.

Instead, on July 12, 2022, Wardrick's former public defender filed a "Line Regarding Indigence of Applicant" stating that Wardrick was a client of the Office of the Public Defender and all such clients "qualified for her services based on their indigence." ECF No. 11-1 at 86-87. Counsel explained, however, that she did not represent Wardrick in his application for leave to appeal and was simply providing the information regarding Wardrick's indigency as a "friend of the Court." *Id.* at 86. Counsel did not attach a completed request of waiver of costs, detail Wardrick's finances, or otherwise address his claims. *Id*. at 86-87.

On August 4, 2022, the circuit court struck Wardrick's application for leave to appeal due to his failure to pay the filing fee or seek its waiver. ECF No. 11-1 at 88. The court found that "indigence is only one of the requirements of the waiver of fees…and without the waiver being filed, it is impossible to determine whether the Defendant's claims are frivolous…." *Id*. On October 7, 2022, the Appellate Court of Maryland closed the appeal based on the "circuit court's [striking] the application for applicant's failure to show cause."[1] *Id*. at 100.

Wardrick filed his federal habeas corpus petition on November 10, 2022. ECF No. 1. He raises five grounds for relief. He asserts that trial counsel was ineffective in failing to (1) "present evidence known to prosecution that is favorable to the Defendant's in a criminal case"; (2) file an application for leave to appeal; (3) raise the issue that the investigating detective included false information in the statement of probable cause; (4) submit Petitioner's alibi to the trial court; and

---

[1] Thereafter, Wardrick and his former attorney sent a number of letters to the post-conviction court regarding the fee waiver (ECF No. 11-1 at 13, 19-20, 90-95) and Wardrick also filed a Motion for Leave to File Belated Fee Waiver. *Id.* at 96. Nevertheless, review of the Appellate Court of Maryland's docket demonstrates that Wardrick's application for leave to appeal the denial of post-conviction relief was never reopened after its October 7, 2022, closing. *See* https://casesearch.courts.state.md.us/casesearch/ (last visited May 22, 2025).

4

(5) bring to the trial court's attention the fact that the interviewing social worker wore an ear piece to communicate with the detective during their interview of the victim. *Id.* at 5-6.

## Standard of Review

1. **28 U.S.C. § 2254**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S. 415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

2. **Exhaustion**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Appellate Court of Maryland denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Appellate Court of Maryland. Md. Code Ann., Crim. Proc. § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the

petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *Williams*, *supra*.

### 3. Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

> As the Fourth Circuit has explained:
>
> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is

...

actually innocent.[2] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

**Analysis**

Respondents contend that all five of Wardrick's claims are procedurally defaulted because Wardrick failed to properly file an application for leave to appeal the denial of his post-conviction petition. This Court agrees.

Respondents argue that each ground is unexhausted because Wardrick failed to present each claim to the highest state court with authority to hear it. A review of the record supports a conclusion that Wardrick's claims are unexhausted and procedurally defaulted. While Wardrick asserted his claims of ineffective assistance of trial counsel during his post-conviction proceeding, his application for leave to appeal was "closed" because he failed to cure a filing deficiency, *i.e.*, he did not pay the filing fee or seek its waiver in a timely manner, nor did he timely respond to the court's multiple directives to do so. Thus, his application for leave to appeal was struck by the circuit court and administratively closed by the Appellate Court of Maryland. Wardrick's claims are procedurally defaulted because he did not fairly present the claims to the highest state court

---

[2] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Wardrick has made no such showing.

9

with authority to review the claims, and they can no longer be raised. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard*, 134 F.3d 615 at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred (citation omitted)).

Wardrick's claims must be dismissed unless he can demonstrate that the default is excused. Wardrick was provided with an opportunity to brief this Court on the issue of procedural default, including any arguments and evidence to support a claim for "cause and prejudice" and "actual innocence." ECF No. 13. Wardrick responded with two letters to the Court. ECF Nos. 14 and 15. In both letters, Wardrick explains that he filed a Maryland Public Information Act request regarding the forensic interview of the victim. *Id*. He states that the forensic interview supports his claim regarding ineffective assistance of counsel and judicial misconduct. *Id*.

Neither document addresses the Respondents' argument that his claims are procedurally defaulted or provides the Court with any relevant information to determine whether the default should be excused. ECF 14 and 15. Wardrick's filings do not invoke "actual innocence" or "cause and prejudice" as an excuse for his procedural default. Because Wardrick has offered nothing to show that the procedural default of his claims should be excused, his claims are dismissed.

## Conclusion

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues

presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U.S.C. § 2253(c)(2).  Wardrick may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order denying the Petition for Writ of Habeas Corpus and declining to issue a certificate of appealability follows.

| June 2, 2025 | /s/ |
|---|---|
| Date | Stephanie A. Gallagher |
| | United States District Judge |